IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:02-cr-281 |
| MONROE OLIVER, JR., | |
| Defendant. | |

## O R D E R

Defendant Monroe Oliver, Jr. has filed a motion seeking compassionate release. (Doc. 84.) He claims that his medical condition warrants a reduction in his sentence. (Id.) The Court has reviewed the entirety of the record in this case, including Oliver's medical records, and finds that Oliver has failed to set forth an extraordinary and compelling reason warranting a reduction in his sentence as required by 18 U.S.C. § 3582(c)(1)(A). Moreover, the factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting Oliver compassionate release. Thus, the Court **DENIES** Oliver's Motion for Compassionate Release.

### BACKGROUND

Oliver's conduct leading to his conviction in this case was quite serious. The Government accurately described the factual and procedural background of his conviction in its Response to his Motion:

> In August 2002, Oliver used a firearm to confront a man, threaten to kill him, and steal two gold chains from his neck. (PSI ¶ 4.) At trial, Oliver denied possessing the firearm. (PSI ¶ 9.) The jury convicted Oliver of possession of a firearm by a felon. (PSI ¶ 3.) At sentencing, Oliver received enhancements for possessing the firearm in connection with another felony offense and for obstructing justice by committing perjury at trial. (PSI ¶¶ 13, 16.) His criminal record included five prior felony convictions. (PSI ¶¶ 24, 25, 27, 29, 30.) With a total offense level of 30 and a criminal-history category of VI, Oliver's prison range under the sentencing

> guidelines ordinarily would have been 168 to 210 months. But because the statutory maximum sentence for his crime was ten years, his guideline range reduced to only 120 months. (PSI ¶ 56.) In December 2003, this Court sentenced Oliver to 120 months consecutive to the state sentence he was already serving.
>
> In early 2022, Oliver completed his 20-year state sentence and began serving his 10-year federal sentence. He is incarcerated at USP Lee in Jonesville, Virginia, with a projected release date in June 2030.

(Doc. 86, pp. 1—2.) Oliver filed his instant Motion for Compassionate Release on August 19, 2022, arguing that he is wheelchair bound and that his medical condition constitutes an extraordinary and compelling reason warranting his release. (Doc. 84.) The Government filed a response in opposition to Oliver's Motion, (doc. 86), and Oliver filed two replies, (docs. 89, 90).

## DISCUSSION

The First Step Act provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so. 18 U.S.C. § 3582(c)(1)(A)(i). Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court. The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release. However, there are four prerequisites to a court's granting compassionate release under the First Step Act. First, the defendant must have exhausted his administrative rights with the BOP. Id. Second, the court must find that "extraordinary and compelling reasons warrant" release. 18 U.S.C. § 3582(c)(1)(A)(i). Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). "The defendant generally bears the burden of establishing that compassionate release is warranted." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

2

The Court may only grant Oliver compassionate release and reduce his sentence if it finds that "extraordinary and compelling reasons" warrant such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any othis person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at § 1B1.13 cmt. n.1(D).

In United States v. Bryant, 996 F.3d 1243, 1252—62 (11th Cir. 2021), the United States Court of Appeals for the Eleventh Circuit held that a district court may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with Section 1B1.13's definition of extraordinary and compelling reasons. The court in Bryant further concluded that the fourth catch-all provision in the commentary to Section 1B1.13 does not grant district courts the discretion to develop other reasons outside those listed in Section 1B1.13 that might justify a reduction in a defendant's sentence. Bryant, 996 F.3d at 1265.

Oliver attempts to invoke the category of extraordinary and compelling reasons by arguing that his medical conditions of being wheelchair bound and need for hip replacement surgery diminish his ability to care for himself in the prison environment. (Doc. 84.) However, as the United States correctly points out, those conditions do not constitute an extraordinary and compelling circumstance warranting his release because his medical records reveal that his medical conditions do not substantially diminish his ability to provide self-care in prison. (See doc. 86, pp. 4—5.) Furthermore, the medical records reveal that BOP is providing Oliver more than adequate medical treatment.

Moreover, even if Oliver had demonstrated an extraordinary and compelling reason for compassionate release, the Court could only grant such compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;
2. the need for the sentence imposed –
   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   b. to afford adequate deterrence to criminal conduct;
   c. to protect the public from further crimes of the defendant; and
   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
3. the kinds of sentences available;

4

>   4.  the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
>   5.  any pertinent policy statement ... by the Sentencing Commission;
>   6.  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>   7.  the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

An evaluation of these factors weighs heavily against Oliver's request for compassionate release. The charge Oliver plead guilty to is a serious crime for which Congress establishes a penalty of up to ten year's imprisonment. Further, his criminal history included convictions for possession of cocaine, possession of marijuana with intent to distribute, possession of cocaine with intent to distribute, possession of a firearm by a felon, and aggravated assault. But for the statutory maximum penalty, Oliver's extensive criminal history and troubling offense conduct would have resulted in an advisory Guidelines' range of 168 to 210 months' imprisonment. Moreover, Oliver only recently began serving his federal sentence. Allowing his release after such a short period of time would not reflect the seriousness of his conduct, would not serve the needs of general and specific deterrence, and would create significant sentencing disparities between him and other defendants who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all the Section 3553(a) factors and finds that they warrant the denial of Oliver's motion for compassionate release.

## CONCLUSION

For all these reasons as well as those stated by the United States in its Response, the Court **DENIES** Defendant Oliver's Motion for Compassionate Release, (doc. 84).

**SO ORDERED**, this 16th day of November, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA